In the Matter of the Last Will and Testament of DANIEL J. CARROLL, Deceased. — On May 8, 1935, deceased, a man about seventy-six years of age, executed a paper purporting to be his last will and testament. He died two days later. Deceased had never married and his nearest relatives were cousins. He left an estate estimated to be worth from $7,000 to $10,000. By the terms of the alleged will after providing for the payment of his debts he left the sum of $300 to the priest who had been his spiritual adviser and some small legacies to certain cousins. All the rest of his estate he left to St. Joseph's Sanitorium. Deceased had been an employee of that institution for more than thirty years prior to his death and made his home there. When the alleged will was offered for probate the relatives of deceased filed objections thereto on the ground that the testator was not of sound and disposing mind and memory and that he lacked testamentary capacity. After a trial before a jury a verdict was returned that decedent was not competent to make a will. The surrogate set the verdict aside as against the weight of the evidence and directed a new trial of the issues before another jury. From that order contestants appeal. Proponent has also appealed from the order of the court refusing to direct that the instrument propounded for probate is the last will and testament of the deceased. Order unanimously affirmed, with costs to both parties, payable out of the estate. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN BLOCK, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, New York, Respondent.— This is an appeal from an order dismissing a writ of habeas corpus. In May, 1932, the relator was convicted of the crime of attempted robbery in the third degree and sentenced to State prison for an indeterminate term, the minimum of which was fixed at two years and six months and the maximum at five years. In January, 1934, pursuant to the provisions of the Correction Law, relator was paroled. On March 26, 1935, relator was convicted of the crime of grand larceny in the second degree and sentenced to a definite term of three years in State prison. On or about the 15th of April, 1935, the relator was summoned before the New York State Parole Board and informed that he must serve, in addition to the commitment of March 26, 1935, an additional term of two years and one month, this latter representing the unexpired portion of the indeterminate sentence of May, 1932, upon which he was paroled January, 1934. The relator contends that the Parole Board proceeded without lawful authority to interrupt the sentence of the Court of General Sessions by which he was sentenced to the three years' sentence by requiring that he must serve the unexpired portion of his paroled sentence first. His contention is not well taken. Sections 218 and 219 of the Correction Law furnish the authority for the action of the Parole Board. The order appealed from dismissing the writ of habeas corpus is affirmed. Order unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.