■ THE PEOPLE OF THE STATE OF NEW YORK ex .rel. MAHLON W. SPROW, Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals, as limited by his brief, from so much of two judgments of the Supreme Court, Dutchess County, dated respectively March 10, 1968 and March 17, 1968, as, upon reargument, dismissed the writ and remanded him to respondent's custody. Appeal from the judgment dated March 10, 1968 dismissed as academic, without costs. That judgment was superseded by the judgment of March 17, 1968. Judgment dated March 17, 1968 affirmed insofar as appealed from, without costs. In 1953 relator was sentenced to a term of 10 to 20 years for robbery. Paroled in 1962 for the second time, he was retaken into custody by a parole officer in September, 1963 for a parole violation. Because stolen property was found in relator's possession, he was delivered to the Police Department of the Town of Poughkeepsie and charged with grand larceny. He fled, was recaptured and charged with escape. On February 19, 1964 he was found guilty of petit larceny (on the grand larceny charge) and sentenced thereon to jail time, and was found guilty of escape and sentenced thereon to a term of two to four years; and, on February 26, 1964 he was delivered to Sing Sing State Prison under the escape commitment. In April, 1964 it was determined that he should serve the robbery sentence, whereupon he was transferred to Clinton Prison. In July, 1968 he was paroled on his robbery sentence and was informed that he then would begin the service of his escape sentence. Relator's claim that, because in February, 1964 he began the service of his escape term, the Board of Parole could not in April, 1964 interrupt the sentence therefor, is untenable. Relator lawfully could not have begun the service of his escape sentence in February, 1964, because his 1953 robbery sentence had not expired and he had not been re-paroled within prison walls on the latter sentence and allowed to begin the service of his 1964 escape sentence. Thus, subdivision 2 of section 2190 of the former Penal Law provides: "Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment, to which he is already sentenced." (See, also, Practice Commentary to Penal Law, § 70.30 [McKinney's Cons. Laws of N. Y., Book 39, vol. 1, p. 138]; *Matter of Seible* v. *Oswald,* 32 A D 2d 696; *People ex rel. Cronin* v. *Conboy,* 6 A D 2d 929, cert. den. 359 U. S. 919; cf. *People ex rel. Block* v. *Murphy,* 252 App. Div. 825.) Hence, it follows that relator's escape sentence was not interrupted in April, 1964, for it had not begun. Thus, subsequent to relator's imprisonment in February, 1964, the Board of Parole properly could determine whether relator, before beginning the service of his escape sentence, would be compelled to continue the service of his robbery sentence, which service he had resumed upon his imprisonment in February, 1964 (Correction Law, §§ 218, 219). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.